UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

ANGELA M. SPENCE,

        Plaintiff,

-v-

CHAMPAIGN COUNTY, OHIO AUDITOR,

        Defendant.

Case No. 3:14-cv-209

Judge Thomas M. Rose

---

**ENTRY AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS (Doc. #11)**

---

On June 24, 2014, Plaintiff Angela M. Spence ("Spence") filed a Complaint naming the Champaign County Auditor as the only Defendant. (Doc. #1.) On August 21, 2014, the Champaign County Auditor moved to dismiss Spence's Complaint. (Doc. # 3.) On October 14, 2014, with leave of Court, Spence filed her Amended Complaint (doc. # 10) that is now the operative complaint in this matter.

Spence's Amended Complaint names four (4) Defendants: Champaign County Ohio Auditor, Champaign County Ohio License Bureau, Champaign County Ohio and Penny Underwood in her individual and official capacity. (Id.) Spence's Amended Complaint brings three (3) causes of action: violation of the Family Medical Leave Act ("FMLA"); violation of public policy; and breach of contract. All three causes of action are related to Spence's employment at the Champaign County License Bureau for approximately fifteen (15) years.

Now before the Court is a Motion To Dismiss brought pursuant to Fed R. Civ. P. 12(b)(1) and 12(b)(6) by all of the Defendants. (Doc. #11.) This Motion is now fully briefed and ripe for decision.

## STANDARDS OF REVIEW

The Defendants' Motion To Dismiss is brought pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). The standard for each will be presented seriatim.

### 12(b)(1)

Pursuant to Rule 12(b)(1), a complaint may be dismissed if the federal court lacks subject matter jurisdiction. Subject matter jurisdiction gives a federal court the power to adjudicate a matter. *Carter v. Delaware County Board of Commissioners*, No. 2:07-cv-1189, 2009 WL 544907 at *3 (S.D. Ohio Mar. 3, 2009)(*citing Bender v. Williamsport Area School District*, 475 U.S. 534, 541 (1986)).  Federal courts have only the power to adjudicate authorized by Article III of the Constitution and conferred by acts of Congress. *Id.* Thus, a complaint may be dismissed pursuant to Rule 12(b)(1) if the federal court does not have the power to adjudicate the claims brought forth in the complaint.

A federal court may dismiss a claim pursuant to Rule 12(b)(1) "on any one of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *AAA Installers v. Sears Holding Corp.*, 764 F. Supp.2d  931, 937 (S.D. Ohio 2011)(*quoting Rogers v. Stratton Industries*, 798 F.2d 913, 918 (6th Cir. 1986)). If issues outside of the record are considered, they must be considered in a manner that is fair to the non-moving party. *Id.*

### 12(b)(6)

Pursuant to Rule 12(b)(6), a complaint may be dismissed for failure to state a claim upon which relief may be granted. To avoid dismissal pursuant to Rule 12(b)(6), a complaint "must

contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(quoting *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 570 (2007)). The plausibility standard is not like a probability requirement. *Id.* The plausibility standard seeks more than a possibility that a defendant has acted unlawfully. *Id.* Where a complaint does not permit a court to infer more than the mere possibility of misconduct, the complaint has not shown that the complainant is entitled to relief. *Id.* at 679.

When considering a 12 (b)(6) motion, all well-pleaded material allegations of the pleadings of the opposing party are taken as true. *Fritz v. Charter Township of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010). Also, the well-pleaded material allegations are construed in a light most favorable to the opposing party. *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009). However, legal conclusions are not accepted as true nor are recitations of the elements of a cause of action. *Fritz*, 592 F.3d at 722. The motion is granted only if the moving party is nevertheless clearly entitled to judgment as a matter of law. *Id.*

## ANALYSIS

The Defendants' first reason for dismissal is that Spence fails to name her actual employer in her Amended Complaint. Employment claims, such as the claims brought by Spence in her Amended Complaint, must be directed at the plaintiff's actual employer. *See i.e. Carter*, 2009 WL 544907.

The Amended Complaint names four (4) Defendants and refers to them collectively in Spence's Causes of Action as Spence's employer. The Defendants' Motion To Dismiss does not identify Spence's actual employer. Therefore, the Court is unable to determine if the Amended

Complaint names Spence's actual employer. Thus, the Defendants have not shown that Spence's Amended Complaint should be dismissed because Spence has not named her actual employer.

The Defendants' next argument is that Spence's Amended Complaint is devoid of allegations that the Champaign County Commissioners, License Bureau, or Penny Underwood appointed her to a position of employment pursuant to their statutory authority. Thus, statutory authority to appoint to a position of employment must be examined.

The structure of county government in Ohio provides for separate and distinct employers within a county. *See i.e.* Ohio Rev. Code § 311.04(B), (C) (Sheriff); Ohio Rev. Code § 319.05 (Auditor); and Ohio Rev. Code § 5153.11 (Children Services Agency). An "appointing authority" is "the office, commission, board or body having the power of appointment to, or removal from, positions in any office, department, commission, board or institution." Ohio Rev. Code § 124.01(D). In this case, the allegations in Spence's Causes of Action are against the "Defendants." Further, Spence names the Champaign County Ohio Auditor, the Champaign County Ohio License Bureau, Champaign County and Penny Underwood as Defendants. Therefore, Spence's Causes of Action are presumably against all of these named Defendants. Yet, none of Spence's Causes of Action specifically indicate who is her employer.[1] Therefore, Spence has plausibly pled that one or more of the named Defendants is/are her employer, assuming as the Court must, that one of the named Defendants is the "appointing authority" for Spence.

The Defendants' final argument is that Spence "incorrectly" asserts that the Champaign

---

[1] Spence pleads, apart from her Causes of Action, that she was employed by Defendants in the Champaign County Ohio License Bureau. (Am. Compl. ¶ 2.)

County Ohio Auditor's issuance of payroll and participation in matter related to Spence's unemployment results in the Auditor's Office being her employer. To resolve this issue, the Court examines the evidence of record.

Two Affidavits submitted by Karen T. Bailey, the Champaign County Ohio Auditor, are a matter of record in this case. One is dated Aug. 20 2014 ("Bailey Aff. I") and the other is dated Oct. 14, 2014 ("Bailey Aff. II") In Bailey Aff I, Bailey attests that at no time has Spence been under the appointing authority of the Champaign County Ohio Auditor's Office. (Bailed Aff. I ¶¶ 3 and 7.) In Bailey Aff II, Bailey attests that the Auditor's Office is not nor does it act as the employer for employees of any Champaign County appointing authority with the sole exception being the Auditor's office. (Bailey Decl. ¶ 3 Oct. 14, 2014.)

Bailey's issuance of payroll and participation in unemployment activities, alone, does not result in the Auditor's Office being the employer of an employee to whom the Auditor's office has issued payroll or participated in unemployment activities. *See State ex rel. Ohio Patrolmen's Benevolent Association v. State Employee Relations Board*, No. 05AP-526, 2006 WL 1745584 (Ohio Ct. App. June 27, 2006). Further, Spence's Amended Complaint says that her claims arise out of her employment at the Champaign County Ohio License Bureau. The Champaign County Ohio Auditor and the Champaign County Ohio License Bureau are not the same. Thus, Spence is not employed by the Champaign County Ohio Auditor. Since Spence is not employed by the Champaign County Ohio Auditor, the Auditor's issuance of payroll to Spence and the Auditor's participation in Spence's unemployment does not make the Auditor Spence's employer. Thus the Auditor is not the "appointing authority" with regard to Spence and is, therefore, not liable for Spence's employment claims.

## CONCLUSION

The Defendants' Motion To Dismiss is granted in part and denied in part. The Champaign County Ohio Auditor is dismissed because the Auditor is not Spence's employer and cannot be held liable only because the Auditor issued payroll to Spence and participated in Spence's unemployment activities. The Defendants have not presented evidence from which the Court can conclude that the remaining Defendants should be dismissed.

**DONE** and **ORDERED** in Dayton, Ohio this Fourth Day of December, 2014.

                                                **s/Thomas M. Rose**
                                        _____
                                                  THOMAS M. ROSE
                                       UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record